**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| VISUAL SEMICONDUCTOR, INC., Appellant, | : : : : : | |
| v. | : : : | Civil No. 2:24-cv-06617-JMG |
| WILLIAM A. HOMONY, in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks. Inc. and Technovative Media Inc., Appellee. | : : : : : : : : : | |

**STATUS REPORT**

This Status Report is submitted in accordance with the Court's April 22, 2026 Order (D.I. 28) by Appellee William A. Homony, in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media Inc. (the "Trustee").  The Trustee reports as follows:

1. On December 10, 2024, Rembrandt 3D Holdings Ltd. ("Rembrandt") and Visual Semiconductor, Inc. ("VSI") filed a joint notice of appeal in *In re: Stream TV Networks, Inc., et al.*, Bankr. E.D. Pa. No. 23-10763-djb (the "Bankruptcy Case," with notice of appeal docketed under Bankruptcy Case D.I. 877) as to the bankruptcy court's order dated December 9, 2024 (Bankruptcy Case D.I. 876).

2. The resulting appeal was docketed in this Court under the above caption on December 11, 2024.

3. On December 18, 2024, this Court entered an order consolidating the above-captioned appeal for scheduling and briefing purposes only with three other appeals from the

1

Bankruptcy Case docketed in this Court under Nos. 24-cv-06397, 24-cv-6498, and 24-cv-02727 (with the above-captioned appeal, the "Consolidated Appeals").

4. Rembrandt was never a party to the appeals docketed under Nos. 24-cv-06397 and 24-cv-06498 and Rembrandt was the sole appellant in the appeal docketed under No. 24-cv-02727.

5. Rembrandt and VSI filed a related appeal which is not part of the consolidated briefing order, which is docketed in this Court under No. 25-cv-00751. VSI filed a related appeal which is not part of the consolidated briefing order, which is docketed in this Court under No. 25-6463.

5. Rembrandt and the Trustee entered a settlement agreement which was approved by the Bankruptcy Court and subsequently filed stipulations in this Court dismissing the appeal docketed under No. 24-cv-02727 and discontinuing Rembrandt's participation in the above-captioned appeal and the appeal docketed under No. 25-00751.

6. The above-captioned appeal, as well as the appeals consolidated for briefing purposes in which VSI is an appellant (Nos. 24-cv-06397 and 24-cv-02727), are fully briefed and continue with VSI as the sole appellant.

7. The Trustee and VSI are not currently engaged in settlement discussions.

8. On April 24, 2026, undersigned counsel contacted VSI's current counsel, Matthew Weisberg, Esquire, concerning filing the instant status report as a joint report. Attorney Weisberg responded with the request that the Court be informed that he would be filing a motion to withdraw as counsel (which he has since done) and that he has not had any recent contact with VSI.

2

9.  In his brief filed in the Consolidated Appeals on February 18, 2025, the Trustee argues that VSI lacks standing to pursue its appeals because it lacks creditor status and was accordingly not aggrieved by the Bankruptcy Court orders under appeal.  *See* No. 24-cv-06617, D.I. 17 at pp. 26-29.

10.  In its reply brief, filed on March 5, 2025, VSI argued that it has standing because it is an "administrative expense creditor" which, since the filing of the Trustee's brief, had "filed both its administrative claim and motion for allowance of administrative claim."  *See id.* at D.I. 19, pp. 5-8.

11.  On March 4, 2025, after the Trustee filed its brief in the Consolidated Appeals, VSI filed an administrative claim in the Bankruptcy Case.  *See* Bankruptcy Case D.I. 966.

12.  On June 20, 2025, after several days of trial concerning VSI's administrative claim and the Trustee's objection thereto, VSI voluntarily withdrew its administrative claim.  *See* Bankruptcy Case D.I. 1036.

13.  The deadline to file a motion for allowance of an administrative expense was March 14, 2025 as established by the Order of the Bankruptcy Court Granting the Motion of the Trustee to Set Administrative Claim Bar Date.  *See* Bankruptcy Case D.I. 948.

14.     Accordingly, VSI's argument in the instant appeal that it has standing because it is an administrative creditor is based on a premise which has become false, and VSI has no argument supporting its standing in the Consolidated Appeals.

Respectfully Submitted,

.Dated: April 27, 2026

/s/ Steven M. Coren
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

*Counsel to the Trustee*

4